Bubke, J.
The question on this appeal raises two issues: Does the Supreme Court have the power to consolidate two *411 arbitration proceedings where the parties are not the same in both proceedings; and, if so, did the Appellate Division abuse its discretion in directing the consolidation?
On April 19, 1961 Symphony and Barbara entered into a contract whereby Symphony agreed to deliver 7,500 yards of fabric to Barbara, with delivery “ To start last week in May, 1961 Through July, 1961.” The fabric, described as “Silktura”, was to have a fiber content 83% acetate and 17% silk, and its width was to be “ 48"/50" off loom ”. On April 21, 1961 Symphony and Bernson entered into a contract whereby Bernson agreed to deliver “ about 25,000 yards ” of fabric to Symphony, with delivery to “ Start week May 22, 1961 thru July 1961 ”. The fabric was to meet the same specifications as the fabric in the Symphony-Barbara contract. The only two differences between the contracts were the price and the amount of fabric ordered. Both contracts contained broad arbitration clauses.
Upon manufacturing the fabric into dresses, Barbara allegedly discovered latent defects in the material which made it unsuitable for such use, and informed Symphony that it would be held responsible for any damage suffered by Barbara. Thereupon Symphony informed Bernson of the complaint concerning the fabric and stated ‘ ‘ we expect to hold you liable for any damages which we may be caused as a result thereof ”. Bernson rejected all liability and demanded prompt payment of the invoices. On November 27, 1961 Bernson instituted arbitration proceedings before the American Arbitration Association for the unpaid balance of the purchase price of the fabric. The answer of Symphony set up as a defense the unsuitability of the goods for the purpose for which they were sold, and counterclaimed for an award “ against Bernson Silk Mills, Inc. in the amount which our client is presently unable to calculate, representing the damages my client will be compelled to sustain because of the claims of its customers against it.”
On December 8, 1961 the Association forwarded to Bernson and Symphony a list of arbitrators, from which list they designated approved arbitrators in their order of preference and returned the list to the Association. Subsequently, in early January, 1962, Barbara instituted arbitration proceedings before the American Arbitration Association to settle its controversy with Symphony. By letter dated January 11, 1962, *412 Symphony applied to the Association to consolidate the BernsonSymphony and the Barbara-Symphony proceedings. The Association notified all three parties that, since Bernson objected to the consolidation, 1 ‘ we must proceed with the further separate administration of these matters unless otherwise ordered by an appropriate court. Absent the consent of the parties, the Administrator does not have the authority to order or direct the consolidation of arbitration matters pending before the Association ’ ’. Symphony then commenced this proceeding.
There is no uncertainty in the courts below as to their power to direct a consolidation of arbitration proceedings, but merely divergences of opinion, depending on the facts before them, as to whether a substantial right of one of the parties would be thereby prejudiced. (See Matter of Adam Cons. Ind. [Miller Bros. Hat Co.], 6 A D 2d 515; Matter of Stewart Tenants Corp. [Diesel Constr. Co.], 16 A D 2d 895; Matter of Franc, Strohmenger & Cowan Co. [Designs by Stanley, Inc.], 14 Misc 2d 370.) The applicable statutes leave little room for argument. Arbitration is deemed a special proceeding (Civ. Prac. Act, § 1459) and special proceedings may be consolidated “ whenever it can be done without prejudice to a substantial right” (Civ. Prac. Act, § 96). The phrase, “ whenever it can be done without prejudice to a substantial right ’ ’, should not be read as qualifying the existence of the power, but rather as defining the limits of the court’s discretion in the exercise of the power. To state, as a matter of law, that the courts cannot direct a consolidation of arbitration proceedings where there is not an identity of parties would be a contradiction of this court’s construction that “ The purpose of section 96 is to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights ” (Datz v. Economy Cotton Goods Stores, 263 N. Y. 252, 254).
The remaining question concerning the abuse of discretion turns upon whether the consolidation prejudices a “ substantial right ”.
It is the general rule that ‘ ‘ The burden of showing that some substantial right is in jeopardy rests upon the party objecting to the consolidation” (2 Carmody-Wait, New York Practice, p. 478). Obviously, the desire to have one’s action or special proceeding heard separately does not, by itself, constitute a “ substantial right ”. Why should it become a substantial right *413 if the parties choose to settle their differences before arbitrators rather than in the courts? A consolidation of arbitration proceedings does not “materially alter or enlarge upon the contractual rights and obligations of parties” or “substantially alter the framework within which the parties have agreed that their disputes be settled ” (16 A D 2d 473-, 475). The rules of the American Arbitration Association do not forbid a consolidation or joint trial before the same arbitrator of independent proceedings. While it is true that “ the joinder for arbitration purposes of the independent disputes here may very well result in the respondent being compelled, in order to protect its interests, to assume an additional burden of meeting the proofs of and litigating issues with the third party with whom it has no contract or dispute ” (16 A D 2d 473, 476), this burden does not result from the consolidation direction; it finds its source in the answer of Symphony. With or without a consolidation the quality and suitability of the fabric and the damages suffered by Symphony will be in issue before the arbitrators. That Symphony wishes to settle its differences with Barbara in the same proceeding should be of no moment to Berhson, since the same witnesses would be called, and the same testimony and evidence introduced, if Barbara were not a party. Moreover, in this ease the Appellate Division, recognizing the limits of the court’s discretion, granted the motion to consolidate the proceedings only upon the condition that Barbara stipulate to join in the designation of the arbitrators made by Symphony. This condition was agreed to by Barbara.
Bernson having failed to meet the burden of showing prejudice, the court below properly exercised the discretion vested in it by statute.
The order appealed from should be affirmed, and the certified question is not answered.
Chief Judge Desmond and Judges Dye, Fuld, Van Voobhts, Foster and Scileppi concur.
Order affirmed, etc.