Burke, J.
On.July 25, 1966, the petitioner, Vigo Steamship Corporation (“Vigo ”), entered into a Time Charter with the Marship Corporation of Monrovia (“ Marship ”), the owner of *160 the M/V Nicolas Maris, for a period of at least 12 but not more than 15 months. The Time Charter provided that “ should any dispute arise between the Owners and the Charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men.” On May 15, 1967, Vigo, as. Time Charter Owner, entered into a Voyage Charter with the respondent, Frederick Snare Corporation (“ Snare ”), for the transport of certain cargo. The Voyage Charter contained an arbitration clause identical to the one contained in the Time Charter between Marship. and Vigo. Vigo took possession of the ship in October, 1966 and Snare employed the ship for the carriage of bulk sand, rock and aggregate beginning in May, 1967 and ending in November, 1967. Controversies arose upon completion of the Voyage Charter when the ship was returned to Vigo and was then returned by Vigo to Marship. Marship claimed that Vigo Avas liable for some $335,000 in damages to the ship and demanded arbitration of the claim. Marship named its arbitrator according to the provisions of the Time Charter, Vigo then demanded arbitration with Snare, claiming that, if Vigo were liable for such damages to Marship, then Snare would be liable to Vigo since Vigo alleged that the damages claimed by Marship were incurred during Snare’s Voyage Charter and Snare was, therefore, responsible for them. Vigo also agreed to accept the arbitrator named by Marship as its OAvn.
Vigo moved below for a consolidation of the arbitrations among the three parties on the ground that both arbitrations (Marship-Vigo and Vigo-Snare) concerned common questions of law and fact. Snare cross-moved to compel a separate arbitration between it and Vigo upon the ground that a consolidated arbitration would prejudice its substantial rights. Special Term granted Vigo’s motion for consolidation and expressly found that no prejudice would result to Snare by such consolidation. A closely divided Appellate Division reversed and ordered separate arbitrations. (32 A D 2d 10.) The majority accepted Snare’s contention that there were different issues involved in *161 the arbitrations ordered consolidated by Special Term and that the possibility of confusion on the part of the “ commercial men” to be designated as arbitrators would substantially prejudice its rights. The majority also apparently held in the alternative that, since the contracts involved maritime matters, they should be governed by Federal law, in the application of which the Federal courts have purportedly “ consistently refused ’ ’ to order consolidation. The dissenters disagreed on both grounds.
The order of the Appellate Division should be reversed upon the ground that Special Term properly exercised its discretion in granting the motion to consolidate since Snare failed to sustain its burden of demonstrating that prejudice would result therefrom. That there are common questions of law and fact involved in the two disputes is clear from the very allegations of Vigo’s petition and Snare’s response to it. Snare sought to demonstrate the lack of such common questions by pointing out that Vigo had voyage chartered the vessel to others prior to the period of Snare’s Voyage Charter and that, therefore, it would be forced to defend itself with respect to matters of which it is ignorant and with a party, Marship, with whom it had no privity. However, Vigo’s petition specifically alleges that ‘ ‘ Marship has made claim against Vigo in the amount of $335,000 for damage done to the vessel during the carriage of said cargo, [the cargo carried by Snare during its Voyage Charter, as alleged in the preceding paragraph] and Vigo alleges that if it should be considered responsible and liable for such damage in the said amount, that Snare is liable to Vigo.” Snare, in its answer to the petition, denied only so much of that paragraph of the petition as alleged the conclusion that Snare would be liable over to Vigo for the amount of Vigo’s liability to Marship. Snare did not, however, deny that part of the allegation which referred to the damages claimed by Marship as those incurred during the carriage of the specified cargo by Snare. There is, therefore, a plain identity between the issues involved in the two controversies, i.e., the amount of damages incurred during Snare’s voyages and the respective liability for them of Vigo and Snare. The threshhold requirement for consolidation is, therefore, clearly present. The only issue then remaining lies in Snare’s contention as to prejudice *162 and the burden of establishing it was clearly not met. The mere desire to have one’s dispute heard separately does not, by itself, constitute a “ substantial right”. (Matter of Symphony Fabrics Corp., [Bernson Silk Mills], 12 N Y 2d 409, 412.) Indeed, as we noted in the cited case as to an analogous issue, whether or not there is consolidation of the arbitrations, the issues of the extent of and liability for the damages to the ship will nevertheless be before the arbitrators and consolidation will make it possible to determine those issues in one proceeding involving all of the interested parties and to avoid the possibility of conflicting awards as well as the additional time and expense of separate proceedings. Moreover, the supposed risk of submitting the issues to ‘ ‘ commercial men ’ ’ is rather specious in light of the fact that both arbitration clauses specify that the arbitrators are to be “ commercial men ’ ’ .and Snare has, accordingly, already agreed that such persons, decide its dispute with Vigo. The existence of common issues having been clearly demonstrated and Snare having failed in its burden of demonstrating prejudice to a substantial right, Special Term properly exercised its broad discretion to order consolidation.
The alternative ground apparently relied upon by the Appellate Division requires comment. Although the contracts among the parties concededly involved maritime matters, the sole issue involved in the proceeding below in a State court was procedural in nature .and its resolution is not in any way determinative of the outcome of the disputes on the merits since it merely involves the question whether two, rather than one, arbitration proceedings are to be used to decide common issues. (Cf. Matter of Rederi [Dow Chem. Co.], 25 N Y 2d 576.) It is clear, therefore, that the provisions of the CPLR are applicable to the present controversy and there is no basis upon which to predicate a holding that Federal law controls. Furthermore, even assuming the applicability of Federal law to the issue of consolidation, it is not at all clear that the Federal courts would be powerless to or would refuse to order consolidation were they faced with this factual situation. Indeed, the contention as to a lack of power to do so flies in the face of the provisions of the Federal Rules of Civil Procedure. Rule 42 (subd. [a]) provides expressly for consolidation in situations involving common questions of *163 law or fact and the Federal Buies generally are made applicable to the Federal Arbitration Act as to matters of procedure not covered by the latter (rule 81, subd. [a], par. [3]) and the Arbitration Act is silent as to the question of consolidating arbitration proceedings. There is thus explicit authority for such consolidation. In the face of such authority and the lack of apposite case law indicating that consolidation should not be ordered in a factual context such as the present, we cannot accept the contention that, assuming the applicability of Federal law, consolidation could not or would not be ordered by a Federal court. The order of the Appellate Division should be reversed and the order of Special Term reinstated.
Chief Judge Ftjld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, with costs in this court and in the Appellate Division, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.