Mendell **ROBINSON**

v.

William D. **WARNER** et al.

Civ. A. No. 5253.

United States District Court,
D. Rhode Island.

Jan. 2, 1974.

Harold H. Winsten, Providence, R. I., for plaintiff.

Robert W. Lovegreen, Providence, R. I., John P. Lee, Attleboro, Mass., for defendants.

## OPINION

PETTINE, Chief Judge.

This is an action brought under 9 U. S.C. § 4 to compel the defendants to enter into a consolidated arbitration proceeding with the plaintiff. Defendant Warner (the architect) and defendant Benson (the contractor) each have separate contracts with the plaintiff in relation to the designing and building of plaintiff's home in Rehoboth, Massachusetts, and each contract contains a broad arbitration clause in which disputes are to be submitted to arbitration in accordance with the rules of the American Arbitration Association. There appears to be no dispute over the facts, which can be summarized as follows:

On April 13, 1973, defendant Benson filed a demand for arbitration against the plaintiff in which he sought $19,474.97 allegedly owed him under the building contract. On April 30, 1973, the plaintiff answered this demand by

denying any debt, counter-claiming against defendant Benson and filing a demand for arbitration against defendant Warner, seeking a joint arbitration with defendant Benson. Thereafter, on May 31, 1973, plaintiff filed a demand for arbitration against both defendants requesting a joint arbitration of all disputes with the owner. Although defendant Benson has agreed to such a consolidated arbitration proceeding, defendant Warner has consistently refused to submit to such a joint arbitration. The American Arbitration Association has refused to proceed with a consolidated arbitration since, pursuant to their policy, disputes arising under separate contracts containing arbitration clauses cannot be heard before a single arbitration panel if one of the parties objects to such consolidation. By letter, however, the AAA has indicated that it will abide by the Court's order in the event a consolidated arbitration is deemed appropriate.

The jurisdictional questions have been dealt with in earlier decisions by this Court, and the issue now presented is whether a Federal Court, acting under Title 9 U.S.C., can compel a consolidated arbitration when the agreements to arbitrate are embodied in separate contracts, (although there is one common party to both agreements), and neither of the separate contracts provide for consolidated arbitration. Defendant Warner is of the opinion that this Court lacks authority under 9 U.S.C. § 4 to compel such a joint arbitration and, furthermore, that he will be prejudiced by any such order. I disagree.

 Setting aside for a moment the question of this Court's power to compel a joint arbitration, a consolidated proceeding in a tri-partite dispute as presented here is clearly the preferred procedure. As Domke states in his treatise:

"The general rule is a court may order consolidation of arbitration proceedings where the parties are not the same if the issues are substantially the same and if no substantial right is prejudiced. Thus, where two contracts containing broad arbitration clauses have different provisions as to the amount of goods and the price, but where the same witnesses would be called and the same testimony heard by the same persons in each proceeding, the two (or more) may be consolidated."

M. Domke, The Law and Practice of Commercial Arbitration, Sec. 27.02 at 272–73 (1968). Under the circumstances as here presented it is clear that a dispute involving a contractor's claim for additional expenses may be intimately tied, factually and legally, to the questions of the architect's responsibilities in designing and supervising the construction of the building. A consolidated proceeding, under such circumstances would appear to be a more efficient method of solving these disputes and apportioning any liability that may be found. Furthermore, it would avoid the possibility of conflicting awards which could conceivably leave the plaintiff without any remedy.

Defendant Warner is correct that 9 U.S.C. § 4 provides only that the Court may issue an order "directing the parties to proceed to arbitration in accordance with the terms of the agreement," and in no way specifically authorizes the Court to order a consolidated arbitration with a dispute arising out of a separate and distinct contract, when neither contract explicitly provides for such joint arbitration. However, although no Federal Court appears to have addressed this issue directly, at least one state court, faced with the argument that the federal arbitration law should apply, has interpreted that federal law as permitting a court to order a consolidated arbitration. In Vigo Steamship Corp. v. Marship Corp., 26 N.Y.2d 157, 309 N.Y. S.2d 165, 257 N.E.2d 624 (1970), the New York Court of Appeals stated:

"Furthermore, even assuming the applicability of Federal Law to the issue of consolidation, it is not at all clear that the Federal courts would be powerless to or would refuse to order con-

solidation were they faced with this factual situation. Indeed, the contention as to a lack of power to do so flies in the face of the provisions of the Federal Rules of Civil Procedure. Rule 42 (subd. [a]) provides expressly for consolidation in situations involving common questions of law or fact and the Federal Rules generally are made applicable to the Federal Arbitration Act as to matters of procedure not covered by the latter (rule 81 subd. [a], par. [3]) and the Arbitration Act is silent as to the question of consolidating arbitration proceedings. There is thus explicit authority for such consolidation. In the face of such authority and the lack of apposite case law indicating that consolidation should not be ordered in a factual context such as the present, we cannot accept the contention that, assuming the applicability of Federal law, consolidation could not or would not be ordered by a Federal court."

*Id.* 309 N.Y.S.2d at 169, 257 N.E.2d at 626–627.

Clearly, if this legal reasoning is true, the present facts present a strong case under Rule 42(a) for consolidation, since the two disputes involve the various steps in the construction of the same residence and the disputes regarding plaintiff's claim of alleged liability brings into question the inter-relationship of responsibilities between the architect and the contractor.

■ Defendant Warner, however, questions the soundness of the reasoning that Rule 81(a)(3)[1] makes the Federal Rules of Civil Procedure, including Rule 42(a), applicable to arbitration proceedings, arguing that one line of federal cases reads Rule 81(a)(3) as requiring the application of the Rules to "proceedings under Title 9 U.S.C." and not to the arbitration proceedings themselves. *See* Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co., 20 F.R.D. 359 (S.

D.N.Y.1957); Foremost Yarn Mills, Inc. v. Rose Mills, Inc., 25 F.R.D. 9 (E.D.Pa. 1960); Penn. Tanker Co. of Delaware v. C. H. Z. Rolimpex, Warszawa, 199 F. Supp. 716 (S.D.N.Y.1961). In the above cases, the district courts refused to order discovery in a pending arbitration proceeding, holding that the discovery provisions of the Federal Rules of Civil Procedure were inapplicable to an arbitration proceeding. However, the rule as followed in the above cases is not absolute, and in certain exceptional situations a federal court has held that it may order discovery in aid of arbitration. *See* Ferro Union Corporation v. SS Ionic Coast, 43 F.R.D. 11 (S.D.Tex. 1967); Bigge Crane and Rigging Co. v. Docutel Corp., 371 F.Supp. 240 (E.D.N.Y.1973), reported in 28 Arbit.J. 135 (1973). Furthermore, it should be noted that the issue of whether or not to compel a joint arbitration concerns the initial question of submitting the dispute to arbitration, not merely the procedures to be followed once the arbitration proceeding is under way, thus distinguishing the instant case from those cases involving discovery in aid of arbitration.

Certainly, when there exists express statutory authority permitting a court to order a joint arbitration of related disputes, courts have done so frequently, recognizing such a procedure as efficient and useful. See Symphony Fabrics Corp. v. Bernson Silk Mills, 12 N.Y.2d 409, 240 N.Y.S.2d 23, 190 N.E.2d 418 (1963); Chariot Textile Corp. v. Wannalancit Textile Co., 18 N.Y.2d 793, 275 N.Y.S.2d 382, 221 N.E.2d 913 (1966); Vigo Steamship Corp. v. Marship Corp., *supra.* On the contrary, I am not unmindful that other state courts, in the absence of specific statutory authorization in state law, have refused to order consolidated arbitration of disputes arising out of two separate contracts. See William C. Blanchard Co. v. Beach

---

1. Rule 81, Fed.R.Civ.Pro., provides, in pertinent part:
 "(3) In proceedings under Title 9, U.S.C., relating to arbitration . . . these rules apply only to the extent that matters of procedure are not provided for in those statutes . . . . "

Concrete Co., Inc., 121 N.J.Super. 418, 297 A.2d 587 (1972). However, in light of Rules 81(a)(3) and 42(a) of the Federal Rules of Civil Procedure, and in the absence of decisional law to the contrary, I find an ample legal basis under 9 U.S.C. § 4 to compel a joint arbitration of the disputes here in question.

■ Defendant Warner, however, claims that he will be prejudiced by such a consolidated proceeding. The basis for his claim is summarized in his memorandum at pp. 7–8:

"None of this claim and none of the proof required by Benson and none of the witnesses that Benson will put forward to prove his claim are in any way relevant to the claim filed against defendant Warner, and therefore defendant, Warner, if these cases are consolidated, would be required to spend considerable sums of money for legal representation in an arbitration which for the most part would be totally irrelevant to the claim submitted against him. . . . To make defendant Warner participate in a joint or consolidated arbitration would be to force him to shoulder an economic burden of legal representation, which he should not be required to undertake in view of the fact that the Benson arbitration would be totally irrelevant to his arbitration. In this case consolidation will work a severe economic hardship on the defendant Warner and consolidation of any matters should not result in an economic burden on one of the parties who can least afford it."

I do not find defendant's allegations of prejudice convincing. Certainly, the prejudice attaching to the plaintiff of shouldering the costs of two arbitrations and facing the possibility of conflicting awards is equally, if not more, compelling than the alleged prejudice to defendant Warner in joining a joint proceeding. I am not persuaded that the areas of responsibility of the architect and the contractor are so distinct that to combine the proceedings will necessarily work undue hardship on defendant War-ner. The mere desire to have one's dispute heard separately is not a sufficient showing of hardship that would counterbalance the considerable benefits served by a consolidated arbitration. *See* Vigo Steamship Corp. v. Marship Corp., *supra.*

Therefore, it is ordered that pursuant to 9 U.S.C. § 4, the disputes arising out of the Robinson/Warner contract, and those arising out of the Robinson/Benson contract be submitted to a single arbitration panel, in accordance with the Rules of the American Arbitration Association as agreed to by the parties to the above contracts.