■ BEAUNIT CORPORATION, Appellant, v SOLARSET, INC., et al., Respondents. ENVIRONMENTAL YARNS CO., Respondent, v BEAUNIT CORPORATION, Appellant, and DUBOIS DYEING CO., INC., Respondent. (Proceeding No. 1.) In the Matter of HENRY COLLINS et al., Respondents, v BEAUNIT CORPORATION, Appellant (Proceeding No. 2.)—Order and judgment (one paper) of the Supreme Court, New York County, entered May 21, 1975, which dismissed the petition of Beaunit Corporation to consolidate two arbitrations now pending before the American Arbitration Association, entitled Solarset, Inc., v Beaunit Corporation and Environmental Yarns Co. v Beaunit Corporation, and which granted respondent Environmental Yarn Co.'s cross petition to consolidate all arbitration proceedings entitled Dubois Dyeing Co., Inc., v Environmental Yarns Co. and Environmental Yarns Co. v Beaunit, unanimously modified, on the law and the facts, without costs, to consolidate all of the arbitration proceedings, but to strike that portion of the pleadings which applies to individuals in their personal capacity as distinguished from the partnership. In Proceeding No. 2, the order and judgment (one paper) entered May 21, 1975, which stayed arbitration of and struck the counterclaims alleged in Environmental Yarns Co. v Beaunit, is unanimously modified, on the law and the facts, without costs, to reinstate the said counterclaims and vacate the stay, but only insofar as the said counterclaims are asserted against the partnership, the stay being continued as to any counterclaim against the individuals. Further, Beaunit is permitted to incorporate by reference in the Solarset arbitration the third counterclaim alleged by it in the Environmental Yarns arbitration. Except as aforesaid, the order and judgment is otherwise affirmed. There being common questions of law and fact in all of these arbitrations (CPLR 602), consolidation is particularly appropriate. *(Matter of Vigo S.S. Corp. [Marship Corp. of Monrovia],* 26 NY2d 157, cert den *sub nom Frederick Snare Corp. v Vigo S.S. Corp.,* 400 US 819.) However, the individuals who make up the partnership, doing business as Environmental Yarns Co., did not, other than as a partnership, agree to arbitrate, and it is conceded to the extent any claims are asserted against them by the appellant, they should be deemed excluded from the consolidated arbitrations. Because the positions of the various parties are intertwined and the situations dependent to some extent on the results in other of the consolidated arbitrations, the counterclaims should be restored so that the arbitrators may have all of the claims and contentions before them. Settle order on notice. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Yesawich, JJ.