■     COUNTY OF SULLIVAN et al., Respondents, v EDWARD L. NEZELEK, INC., Respondent, and EDWARD D. STONE AND ASSOCIATES, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County, entered November 7, 1975, denying motion by Edward Durell Stone and Associates for a stay of arbitration sought by Sullivan County Community College and granting petitioners college and County of Sullivan's petition to consolidate the arbitration sought by the college against Stone with an arbitration sought by the county against Edward L. Nezelek, Inc., affirmed, with $40 costs and disbursements to respondents. Appellant, Stone, appealed from that portion of the order-judgment as ordered consolidation. Appellant's claim that the court below was without jurisdiction because of failure to serve appellant with process in the manner prescribed by CPLR 403 (subd [c]) is rejected. Although the petition bore a new index number procured by petitioners and a caption different from that of the pending proceedings between the college and appellant or between the county and Nezelek, the petition may be viewed as motion in said pending proceedings. Hence, service of a notice of motion by mail (CPLR 7502, subd [a]) was correct and the Supreme Court was not without jurisdiction because of alleged defect of service. The substantive difficulty with the case stems from the fact that in the two arbitration proceedings there is no common party among the four entities involved. The parties are different and the contracts are different. Identity of parties is not always a material requisite to consolidation (Eager, The Arbitration Contract and Proceedings, § 110, p 306). Where, as here, the issues in both arbitrations, although perhaps not identical, are sufficiently related, there is a firm basis for consolidation: The dispute between the college and appellant concerned claims by the college against appellant for damages for breach of contract due to extra work made necessary by alleged defective plans and specifications drawn by appellant (the architect) for construction of the college buildings. The dispute between the county and Nezelek involved a claim by Nezelek (the contractor) for payment for additional work necessitated by alleged deficiencies in the plans and specifications drawn by appellant for said construction. Clearly, the issues in both controversies have a common question, to wit, whether the plans and specifications of appellant were defective. A most important practical consideration impelling the grant of consolidation is the need for consistent awards in the two separate but interrelated disputes *(Matter of Virgo S. S. Corp. [Marship Corp. of Monrovia],* 26 NY2d 157, 162). It would be inconsistent, for example, if it were decided in the arbitration proceeding between the college and appellant that the plans and specifications appellant prepared were not defective while in the arbitration proceeding between the county and Nezelek that Nezelek was damaged as a result of faulty plans and specifications drawn by appellant. Appellant's contention of substantial prejudice as a result of consolidation is not established. Although the factors

to which appellant alludes, such as change of situs, manner of selection of arbitrators and longer and more complex hearings may cause appellant some inconvenience, additional expense; and even perhaps disruption, the merits of consolidation in this case far outweigh these considerations *(Matter of Virgo S. S. Corp. [Marship Corp. of Monrovia], supra,* pp 161–162). Concur—Markewich, J. P., Birns, Nunez and Lynch, JJ.; Murphy, J., dissents in the following memorandum: For procedural as well as substantive reasons I vote to reverse the order and judgment (one paper) on appeal and to deny the consolidation requested. In February, 1968, appellant Stone, an architect of considerable renown, contracted to perform professional architectural services for the Sullivan County Community College. In July, 1970, after Stone prepared the plans and specifications for the project, the County of Sullivan entered into a contract with respondent Edward L. Nezelek, Inc., for the actual construction work. Each of these two contracts contained an arbitration clause. During and after the performance of the construction work by Nezelek certain disputes arose between it and the county which were partially settled. In March, 1975, during the pendency of these negotiations, the college demanded arbitration with Stone in New York City on an amended claim for breach of contract and negligence resulting in errors and omissions requiring modification of contracts with the various trades and resulting in damages "in an amount not yet fully ascertained." Stone's application to stay that arbitration was denied in the judgment below and the propriety of such determination is not questioned on this appeal. Contemporaneously, and by a demand for arbitration to be held in Liberty, New York, dated July 8, 1975, Nezelek alleged that it was entitled to $270,706.98 from the county for: the face amount of certain bonds deposited with the county for retainage ($215,000); a subcontractor's claim for extras ($7,771.45); a claim arising out of cracked slabs ($21,913.53); and the replacement cost of dead trees as per the county's direction ($26,022). The county's motion to stay that arbitration was denied. Thereafter, and while Stone's motion for a stay was still *sub judice,* by notice of petition dated September 2, 1975, the county and the college *jointly* purported to commence a new proceeding to consolidate, in New York County, the college-Stone and the Nezelek-county arbitrations, by merely mailing (by ordinary mail) copies of the papers to Stone's and Nezelek's attorneys, respectively, and to Stone's former office. These proceedings bear a new index number and a different caption. Both respondents raised the jurisdictional issue below; but Special Term ignored it. In the instant case, we are dealing with four totally separate and different parties, involved in two separate arbitrations, based upon two separate and completely different contracts. Since there was no all-encompassing proceeding below, I see no justification for the application of CPLR 7502 (subd [a]). Jurisdiction to grant the relief requested could only be acquired by proper service of the notice of petition. (CPLR 304; 403, subd [c].) Moreover, and irrespective of the jurisdictional issue, consolidation was improper under the circumstances here presented. Petitioner's arguments to the contrary notwithstanding, the college and the county are clearly separate and distinct legal entities governed by separate boards (of trustees and supervisors, respectively). Consequently, there are no common parties to the two separate arbitrations, nor is there any demonstrated overlapping of the claims. Stone contracted with the college for the design work; while Nezelek agreed with the county for the construction of such work. Concededly, as the majority notes, "[i]dentity of parties is not always a material requisite to consolidation". However, in the cases where consolidation has been granted there have always been common parties to both arbitrations and a continu-

ity of the claims. *(Cf. Matter of Virgo S. S. Corp. [Marship Corp. of Monrovia],* 26 NY2d 157, *supra; Matter of Symphony Fabrics Corp. [Bernson Silk Mills],* 12 NY2d 409.)* Thus, in *Virgo (supra),* the time charterer was the common party caught between the claim for damage of a shipowner and the voyage charterer who was allegedly responsible over for such damage. In *Symphony Fabrics (supra),* a similar situation was presented involving a common party caught in the middle of conflicting "down the line" claims. Here we have no common party, different claims and, significantly, no assertion that the college may be liable over to the county. Finally, consolidation will substantially prejudice Stone because it will dilute his right to select the arbitrators and necessarily involve him in controversies with parties (Nezelek and county) with whom he has no contractual relations. Even in *Virgo* and *Symphony Fabrics (supra),* where consolidation was properly granted, common arbitrators were agreed to or directed. In light of the foregoing, the order and judgment (one paper) appealed from should be reversed.