[Civ. No. 41001. First Dist., Div. Three. July 28, 1977.]

ATLAS PLASTERING, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
JASPER CONSTRUCTION, INC., Real Party in Interest.

[Civ. No. 41025. First Dist., Div. Three. July 28, 1977.]

INSURANCE COMPANY OF NORTH AMERICA, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
JASPER CONSTRUCTION, INC., Real Party in Interest.

**COUNSEL**

Fullerton, Lang, Richert & Patch, Wayne H. Thomas, Jr., Clark & Glennon, William G. Clark, Thelen, Marrin, Johnson & Bridges, David M. Buoncristiani, Berliner, Cohen & Flaherty, William J. Goines, Williams, Van Hoesen & Brigham, Richard A. Williams and Mark S. Hasey for Petitioners.

No appearance for Respondent.

Dingus, Haley & Boring, Larry D. Dingus, Peter C. Haley and Linda F. Foust for Real Party in Interest.

**OPINION**

**SCOTT, J.**—Jasper Construction, Inc., general contractor and real party in interest, contracted with the County of Alameda for construction of a courthouse and government center in Hayward.

Petitioners here and respondents below are Atlas Plastering, Inc., University Mechanical & Engineering Contractors, Inc., Feiler Bros. Corp., and Rosendin Electric, Inc. as subcontractors, and Insurance Company of North America (INA) as surety on behalf of Atlas. Atlas had INA execute a performance bond with Jasper as obligee. That bond incorporated the Jasper/Atlas subcontract by reference.

The issue presented here is whether subcontractors not in contractual privity with each other, but whose contracts with the general contractor contain identical procedures for individual arbitration of disputes relating to construction delay, can be compelled to participate in a consolidated arbitration proceeding resulting in a change in the agreed upon method of selecting arbitrators. We conclude that such consolidat-

ed arbitration cannot be compelled, and therefore the order of the superior court must be reversed.

All parties agree that disputes including but not limited to project completion delays arose, and that construction has not been completed or accepted by the owner.

Jasper made a demand upon petitioners to hold consolidated arbitration, asserting that a dispute had arisen as to damages claimed by reason of construction delays in which each petitioner was involved, making all parties indispensable. Joint arbitration was refused by petitioners. Jasper's suit to compel consolidated arbitration followed. Jasper contends that the subcontractors' respective work was "interrelated and interdependent" so that apportionment of delay damages was extremely difficult; that each subcontractor blames some or all the other subcontractors; that there were consequently common questions of law and fact, and that consolidation "is necessary in order to promote justice between the parties, to avoid duplication of testimony and proceedings, and to provide a single forum for the resolution of the interrelated disputes."

The subcontractors contend in part that consolidated arbitration may not be ordered in the absence of a multiparty contractual arbitration agreement, and that consolidation would change the size and method of selection of the arbitration panel.

The court below ordered consolidated arbitration and a manner of selection of arbitrators at variance with the agreement of the parties.

I. Propriety of review by mandate or prohibition of the lower court's order

■ An order directing parties to arbitrate is nonappealable. (*Maddy v. Castle* (1976) 58 Cal.App.3d 716, 719 [130 Cal.Rptr. 160].) The order is reviewable on appeal from a judgment confirming the award. (Code Civ. Proc., §§ 1294, 1294.2; *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675, 692 [77 Cal.Rptr. 100].) The preferred procedure is to proceed by arbitration and attack confirmation on appeal. (*Maddy* v. *Castle, supra,* at p. 719; Code Civ. Proc., § 1294, subd. (d); see also *Titan Enterprises, Inc.* v. *Armo Construction, Inc.* (1973) 32 Cal.App.3d 828, 831 [108 Cal.Rptr. 456]; *Spence* v. *Omnibus Industries* (1975) 44 Cal.App.3d 970, 976 [119 Cal.Rptr. 171].)

Mandate or prohibition, however, is available to review such orders if the matters ordered arbitrated fall clearly outside the scope of the arbitration agreement, or if the arbitration would appear to be unduly time consuming or expensive. (*Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co., supra,* at pp. 692-693; *Bertero* v. *Superior Court* (1963) 216 Cal.App.2d 213, 222 [30 Cal.Rptr. 719]; *Unimart* v. *Superior Court* (1969) 1 Cal.App.3d 1039, 1041 [82 Cal.Rptr. 249].) In the instant case, if the court's order was in excess of its jurisdiction, the expense to the parties in participating in and seeking review of the arbitration is apparent. This court determined the issue as to adequacy of relief by another remedy when it granted the alternative writ. (*City of Los Angeles* v. *Superior Court* (1959) 51 Cal.2d 423, 429 [333 P.2d 745]; *Rosemont* v. *Superior Court* (1964) 60 Cal.2d 709, 712 [36 Cal.Rptr. 439, 388 P.2d 671]; 5 Witkin, Cal. Procedure (2d ed. 1971) § 44, pp. 3817-3819.)

## II. Effect of failure to file timely responses to petition for arbitration

■ Jasper contends that all of the allegations contained in its petition to compel consolidated arbitration must be deemed admitted because petitioners failed to respond, submitted untimely briefs, and said briefs did not conform to the pleading statutes.

The responses by Atlas, Rosendin and INA were both served and filed beyond the 10-day period required by Code of Civil Procedure section 1290.6, and no extensions of time were granted or stipulations entered. However, there is no indication that the respondent court here did not treat the responses as timely. Jasper could have submitted a transcript of the hearing to contradict such assumption, but did not. (*Travelers Indemnity Co.* v. *Bell* (1963) 213 Cal.App.2d 541, 544-545 [29 Cal.Rptr. 67].) Even if the court deemed the allegations of the petition admitted by the failure of the subcontractors to file timely responses, no prejudice appears to Jasper in that the issue of applicability of sister state precedent regarding consolidated arbitration is purely a question of law raised in the court below by Jasper and is the sole issue on appeal. (See *Travelers Indemnity Co.* v. *Bell, supra,* at p. 545.)

## III. Power of the court to vary the method of selecting arbitrators

Petitioners do not at this stage allege the instant dispute was not within the arbitration clauses. Here, the issue is simply whether a California court may change the agreed method of selecting arbitrators and compel consolidation of what might otherwise be a costly, duplicative and time

consuming series of arbitrations which might well lead to disparate results.

Each subcontract contains the following clause: "K. ARBITRATION—If at any time any controversy should arise between the Contractor and the Subcontractor regarding anything pertaining to this Agreement and which the parties hereto do not promptly adjust and determine, then the written orders of the Contractor to the Subcontractor shall be followed. The controversy existing between the parties shall be submitted to and determined by arbitration. Each of the parties hereto shall select an arbitrator and the arbitrator so selected by them shall select a third person to serve as arbitrator with them. The parties hereto agree to be bound by the award in such arbitration."

The County of Alameda was not a party to the subcontracts, and its own contract with Jasper has no arbitration clause.

Arbitration is governed by Code of Civil Procedure section 1280 et seq. ■ Arbitration is a matter of contract. (Code Civ. Proc., §§ 1281, 1281.2; *Unimart* v. *Superior Court* (1969) 1 Cal.App.3d 1039, 1045 [82 Cal.Rptr. 249].) The proceeding to compel arbitration is in essence a suit in equity to compel specific performance of a contract. (*Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 479 [121 Cal.Rptr. 477, 535 P.2d 341]; *Trubowitch* v. *Riverbank Canning Co.* (1947) 30 Cal.2d 335, 347 [182 P.2d 182].) The powers of the superior court in passing upon the petition are those prescribed and limited by the provisions of Code of Civil Procedure section 1281.2 (*Harrison* v. *California State Auto. Assn. Inter-Ins. Bureau* (1976) 56 Cal.App.3d 657, 661 [128 Cal.Rptr. 514]), which makes no provision for compelling consolidated arbitration.

Code of Civil Procedure section 1281.6 provides the sole statutory regulation concerning the appointment of arbitrators. It provides in relevant part: "If the arbitration agreement provides a method of appointing an arbitrator, such method shall be followed. If the arbitration agreement does not provide a method for appointing an arbitrator, the parties to the agreement who seek arbitration and against whom arbitration is sought may agree on a method of appointing an arbitrator and that method shall be followed. In the absence of an agreed method, or if the agreed method fails or for any reason cannot be followed, or

when an arbitrator appointed fails to act and his successor has not been appointed, the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator." ▮▮▮ The court here ordered that one arbitrator be selected by petitioner Jasper; one arbitrator be selected by respondents collectively; and the third arbitrator be selected by the two arbitrators. The arbitration agreement of the parties gives each subcontractor the right to appoint an arbitrator, a method of selection at variance with the court order.

Jasper contends that the court has the authority to compel joint or consolidated arbitration even if the agreement does not provide therefor. Once having ordered consolidated arbitration, the order changing the manner of selecting arbitrators is proper under Code of Civil Procedure section 1281.6 because "the agreed method" has failed and "cannot be followed."

There is no California authority in support of Jasper's contentions. Jasper relies principally upon New York cases. New York permits consolidation of arbitration where the issues are substantially the same "whenever it can be done without prejudice to a substantial right." (*Symphony Fab. Corp.* v. *Bernson Silk Mills* (1963) 12 N.Y.2d 409, 412 [240 N.Y.S.2d 23, 26, 190 N.E.2d 418].) The authority to consolidate prior to 1962 was predicated upon a specific statute. Upon repeal of that statute in 1962, an alternative basis for consolidation was found under a provision of the New York Civil Practice Law and Rules permitting the court to regulate the method of enforcement of arbitration clauses. (See *Vigo Steamship Corp.* v. *Marship Corp.* (1970) 26 N.Y.2d 157 [309 N.Y.S.2d 165, 257 N.E.2d 624]; *Materials Intern., etc.* v. *Manning Fabrics* (1974) 46 App.Div.2d 627 [359 N.Y.S.2d 812].)

In *Vigo,* the agreed method of selecting arbitrators was the same as here. That case involved two disputes with Vigo as the common party. Vigo, however, had agreed to accept as its own an arbitrator appointed by one of the parties. The other party wanted separate arbitration, but consolidation did not deprive him of his right to appoint an arbitrator or have his appointee participate in the selection of the third. In *Symphony* and *Materials,* it does not appear that the consolidated arbitration interfered with any agreement of the parties as to the selection of arbitrators. However, in *County of Sullivan* v. *Edward L. Nezelek, Inc.*

(1976) 54 App.Div.2d 670 [388 N.Y.S.2d 4], the Appellate Division of the New York Supreme Court stated that a change in the manner of selecting arbitrators resulting from consolidation did not result in substantial prejudice. But in *Stewart Tenants Corp.* v. *Diesel Construction Co.* (1962) 16 App.Div.2d 895 [229 N.Y.S.2d 204] the Appellate Division of the New York Supreme Court denied consolidation of arbitration where the result might be a difference in the individuals appointed as arbitrators. (See *Stop & Shop Companies, Inc.* v. *Gilbane Building Co.* (1973) 364 Mass. 325 [304 N.E.2d 429, 431].) Other cases cited by Jasper do not support its contention. In *Children's Hosp. of Phila.* v. *American Arb. Ass'n.* (1974) 231 Pa.Super. 230 [331 A.2d 848], where consolidation was ordered, no issue arose as to whether such consolidation resulted in a substantial variance from the express agreement of the parties as to the manner of selecting arbitrators. In *Grover-Dimond Assoc.* v. *American Arbitration Ass'n.* (1973) 297 Minn. 324 [211 N.W.2d 787, 790, 64 A.L.R.3d 522], where consolidation was ordered, the parties to the different disputes had agreed to the same arbitrators.

However, in *Stop & Shop,* the Massachusetts Supreme Court held that "in the absence of an agreement for multiparty arbitration, a court order for such an arbitration is not authorized." (304 N.E.2d at p. 430.) The court distinguished the New York cases as being based on statutes which do not exist in Massachusetts. The Massachusetts statute provides that " 'if the arbitration agreement provides a method of appointment of arbitrators, such method shall be followed.' " (304 N.E.2d at p. 432.) Jasper agrees that California has a similar statute to that of Massachusetts, but contends that Code of Civil Procedure section 1281.6 distinguishes *Stop & Shop* because the "agreed method" has failed. ■ However, the agreed method set forth in the third sentence of our statute refers to the method agreed to between the parties, should there be no method provided for in the arbitration clause. To read the third sentence to apply to the first sentence, would give the court power to appoint the arbitrator whenever a party refused to arbitrate, even in the face of any method specified in the arbitration clause. This construction would render the first sentence surplusage.

The case law does not support the proposition that a court has inherent power to ignore arbitration agreements which clearly call for different panels and fashion their own method. The right of each party to see that arbitration is conducted in accord with the contractual provisions to which it has given its consent, is a right expressly provided for by the first sentence of Code of Civil Procedure section 1281.6. A contrary

holding would seem to be against the public policy of this state in favor of arbitration (see *Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 706-707 [131 Cal.Rptr. 882, 552 P.2d 1178]), because uncertainty over the terms of any agreed method would deter parties from entering such agreements.

Jasper argues that consolidation is an implied term of the contract in order to render it reasonable under Civil Code section 1655. The method of arbitration, however, was reasonable and the court cannot rewrite the contract to assuage the real party's unhappiness with his bargain.

■ We do not hold that consolidation of arbitration proceedings is never permitted where the agreement is silent in that regard. Clearly, the parties can consent to such consolidation. Also, in the event the same arbitrators were selected in each dispute, there is nothing to preclude the arbitrators themselves from ordering cases consolidated. Other methods might be conceived so long as they do not interfere with the express terms of the contract.

IV. Court trial rather than arbitration

■ We find no support for Atlas's contention that a court trial rather than arbitration is necessary because the County of Alameda, not a party to the arbitration agreement, is an indispensable party in that the delays were occasioned by Jasper and the county's failure to promptly process "change orders" to the various subcontractors. The disputes between the general contractor and the subcontractors can be resolved on their own merits by arbitration, as agreed. Any dispute between the subcontractors and the county, or the general contractor and the county can be resolved by court proceedings. The potential for inconsistent results is of course present. Such is not, however, grounds for abrogating the arbitration agreement of the parties.

INA's contention that sureties may not be compelled to arbitrate, need not be decided. That question should await any appeal from a confirmation of any award made against INA.

■ The court clearly had jurisdiction to order arbitration, but the joinder of parties not in privity so as to modify the agreed method of appointing arbitrators was in excess of its jurisdiction. (See 6 Cal.Jur.3d, Arbitration & Award, § 11, p. 27; Code Civ. Proc., § 1281.6.)

The peremptory writ is granted. That part of the order granting consolidation of arbitration proceedings and selection of arbitrators is ordered vacated.

Draper, P. J., and Emerson, J.,* concurred.

*Retired judge of the superior court sitting under assignment by the Acting Chairman of the Judicial Council.