[No. 3107-3. Division Three. July 10, 1979.]

S. K. BARNES, INC., *Appellant,* v. RON VALIQUETTE, ET AL, *Respondents.*

*Richard E. Dullanty,* for appellant.

*Hemovich, Smith & Nappi, Dean C. Smith, Malott, Southwell & O'Rourke,* and *Thomas Malott,* for respondents.

MUNSON, J.—This appeal is from a denial of appellant's motion to consolidate two arbitration proceedings. The issue presented is whether the superior court has jurisdiction to order the consolidation of two arbitrations which may have similar issues. In this instance, one party objects to the consolidation. Neither agreement to arbitrate provides for consolidation.

S. K. Barnes, Inc. (owner) wanted to build a boat manufacturing plant near the Spokane International Airport. On March 5, 1977, the owner contracted with Frank Toribara (architect) for his architectural services, executing the "Standard Form of Agreement Between Owner and Architect," American Institute of Architects document B–101, containing a provision providing for arbitration.[1] About 1 month later, the owner employed Ron Valiquette (contractor) to build the structure and entered into a document entitled "Standard Form of Agreement Between Owner and Contractor," A.I.A. document A–107, January 1974 edition, which contained as a general condition an article providing for arbitration.[2]

---

[1]Clause 12 of A.I.A. document B–101 states:

"Arbitration.

"Arbitration of all questions in dispute under this Agreement shall be at the choice of either party and shall be in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects. This Agreement shall be specifically enforceable under the prevailing arbitration law and judgment upon the award rendered may be entered in -the court of the forum, state or federal, having jurisdiction. The decision of the arbitrators shall be a condition precedent to the right of any legal action."

Article 14 of "The Standard Form of Arbitration Procedure" A.I.A. document D–201, September 1963 edition recites in part in clause No. 1:

"Institution of Proceedings.

"A party intending to arbitrate any dispute, claim or question subject to arbitration under any of the Standard Documents of The American Institute of Architects shall make a demand therefor in writing . . . and shall designate whether the arbitration shall be administered in accordance with the Standard Form of Arbitration Procedure of The American Institute of Architects or with the Rules of the American Arbitration Association."

[2]Article 14 recites:

A dispute did arise between the owner and the contractor whereupon the contractor instituted arbitration proceedings with the American Arbitration Association (the association) pursuant to the contract; the owner immediately thereafter instituted a counterclaim. Subsequently, arbitrators were selected by the parties, discovery proceedings were initiated, and a hearing set for late August 1978. During the discovery proceedings the owner learned that the architect might be responsible for some of the matters to be submitted to the arbitrators and initiated through the association an arbitration proceeding against the architect. Simultaneously the owner also filed a motion with the Board of Arbitration to consolidate the two arbitrations.

The board responded in early August denying that request because its rules only allowed consolidation when all parties consent or when consolidation is done by court order. The owner then commenced a proceeding in the Superior Court to seek consolidation of the arbitration proceedings; that court denied a stay from the arbitration proceedings in progress but held an immediate hearing. Shortly thereafter the court denied the motion on the basis that the architect would be forced to accept an arbitration panel already chosen which would deny him a right to a fair hearing. On reconsideration the court again denied the motion because of the effect which consolidation would have upon substantial rights of the parties, as well as dissimilarities in the two actions.

This review was accelerated to minimize damage to the parties caused by protracted delay. Further arbitration proceedings were stayed pending this decision. This issue is one of first impression in this state since no provision in our

---

"All claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen."

statutes, court rules or case law expressly permits or prohibits consolidations of arbitrations. Nor, as noted previously, does either of the contracts at issue in this case mention the possibility of consolidation.

Courts in other states which have considered this matter are sharply divided; numerically, more courts find power in the court to order consolidation, primarily on the basis that if the court has the power to enforce an agreement to arbitrate, the power to regulate the method of enforcement follows. Furthermore, in the interest of avoiding conflicting awards, saving time and expense of separate proceedings, consolidation is merited if none of the parties would be prejudiced thereby. *Symphony Fabrics Corp. v. Bernson Silk Mills, Inc.,* 12 N.Y.2d 409, 190 N.E.2d 418, 240 N.Y.S.2d 23 (1963), was decided when the statutes of that state defined arbitration to be a "special proceeding" and gave the courts discretion to order consolidations of "special proceedings." When that particular statute was repealed, the New York Court of Appeals adopting a dissenting opinion of the appellate division of the supreme court found another provision of the civil practice law and rules to justify consolidation. *Chariot Textiles Corp. v. Wannalancit Textile Co.,* 18 N.Y.2d 793, 221 N.E.2d 913, 275 N.Y.S.2d 382 (1966), adopting the dissenting opinion in 21 App. Div. 2d 762, 250 N.Y.S.2d 493 (1964); *see also Vigo S.S. Corp. v. Marship Corp.,* 26 N.Y.2d 157, 257 N.E.2d 624, 309 N.Y.S.2d 165, *cert. denied,* 400 U.S. 819, 27 L. Ed. 2d 46, 91 S. Ct. 36 (1970). In *Grover–Dimond Assocs. v. American Arbitration Ass'n,* 297 Minn. 324, 211 N.W.2d 787, 64 A.L.R.3d 522 (1973), a Minnesota court found the New York position persuasive and adopted it. *See also Columbia Broadcasting Sys., Inc. v. American Recording & Broadcasting Ass'n,* 414 F.2d 1326 (2d Cir. 1969); *Robinson v. Warner,* 370 F. Supp. 828 (D.R.I. 1974); *James Stewart Polshek & Assocs. v. Bergen County Iron Works,* 142 N.J. Super. 516, 362 A.2d 63 (1976); *Exber, Inc. v. Sletten Constr. Co.,* 92 Nev. 721, 558 P.2d 517 (1976). M. Domke, *The Law and Practice of Commercial Arbitration* § 2702,

at 272–73 (1968); Annot., *State Court's Power to Consolidate Arbitration Proceedings*, 64 A.L.R.3d 528 (1975).

Those courts declining consolidation on the basis of lack of jurisdiction hold that arbitration is a matter of contract, that the courts can neither rewrite a contract for the parties nor should they impose upon them a new contract against their wishes. These courts recognize that public policy favors arbitration; that consolidation may avoid duplication of effort, expense and litigation; and that consolidation may prevent inconsistent results arising from two arbitration disputes involving similar or identical issues. However, they acknowledge that the parties can always agree to consolidated arbitration, either by contract or subsequent thereto, or if consolidation is a desirable public policy that the legislature should empower the court to so hold. *Consolidated Pac. Eng'r, Inc. v. Greater Anchorage Area Borough*, 563 P.2d 252 (Alaska 1977); *Stop & Shop Cos. v. Gilbane Bldg. Co.*, 364 Mass. 325, 304 N.E.2d 429 (1973); *J. Brodie & Son, Inc. v. George A. Fuller Co.*, 16 Mich. App. 137, 167 N.W.2d 886 (1969).

RCW 7.04.010 provides:

> Two or more parties may agree in writing to submit to arbitration, . . . Such agreement shall be valid, enforceable and irrevocable save upon such grounds as exist in law or equity for the revocation of any agreement.

RCW 7.04.040(1) states in part:

> (1) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the court for an order directing the parties to proceed with the arbitration in accordance with their agreement.

In *Thorgaard Plumbing & Heating Co. v. County of King*, 71 Wn.2d 126, 131–32, 426 P.2d 828 (1967), the court noted that the purpose of arbitration was to provide the contractual parties with a forum designed:

> to reach *settlement* of controversies, by extrajudicial means, *before* they reach . . . court. . . .
>    . . .

. . . The proceeding is in a forum selected by the parties in lieu of a court of justice. The object is to *avoid,* what some feel to be, the formalities, the delay, the expense and vexation of ordinary litigation. . . . It depends for its existence and for its jurisdiction upon the parties having contracted to submit to it, and upon the arbitration statute.

(Citations omitted.)

Here, the parties did not provide in their contract for consolidation, even though they used standard architect forms; and the rules of the American Arbitration Association do not provide for consolidation. The owner now seeks to have this court hold that it has jurisdiction to enter such an order. The legislature in adopting RCW 7.04.040(1) granted the court power to order arbitration only when there is a claim by a party to such a contract of the other party or parties' "neglect or refusal . . . to proceed with an arbitration . . ." None of the parties here have either neglected or refused to proceed. They stand ready, willing and able as of August 1978 to proceed with the arbitration. The legislature did not confer upon the courts the power to compel an unwilling party, in excess of his contractual obligation, to consolidate in arbitration proceedings. We therefore hold that neither the Superior Court nor this court has the power to grant the owner's motion.

Assuming arguendo that the court did have such a power, its exercise is at best discretionary if there is no contractual provision for consolidation. Here, the trial court held there was a dissimilarity of issues. Had we the power to order consolidation, we would agree with the trial court and affirm its order denying the motion. We do not agree that CR 81, as contended by the owner, is applicable to an arbitration proceeding on this issue. RCW 7.04.040 is one of the few statutes relating to arbitration that allows an injection of a court into the arbitration proceeding. The court should not reach out for jurisdiction; the matter is more properly within the province of the legislature.

The order is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Reconsideration denied August 10, 1979.

Review denied by Supreme Court October 26, 1979.