Filed 5/28/24  Novoa v. Superior Court CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SANTOS NOVOA,<br><br>    Petitioner,<br><br>        v.<br><br>SUPERIOR COURT OF CALIFORNIA, LOS ANGELES COUNTY,<br><br>    Respondent;<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>    Real Party in Interest. | B333392<br>(Los Angeles County<br>Super. Ct. No.<br>20STCV40733) |

        ORIGINAL PROCEEDING; petition for writ of mandate. Superior Court of Los Angeles County, Thomas D. Long, Judge. Petition denied.

Knight Law Group, Roger Kirnos and Jeffrey Mukai, for Petitioner Santos Novoa.

No appearance for Respondent.

Horvitz & Levy, Lisa Perrochet, John A. Taylor, Jr.; SJL Law, Julian G. Senior, and Alexander A. Alarcon for Real Party in Interest American Honda Motor Co., Inc.

–––––––––––––––––––––––––––––

## I.   INTRODUCTION

Recently, several courts of appeal have held a car manufacturer may not enforce the arbitration provision contained in a retail sales installment contract between a car buyer and the car dealership.  In this petition for writ of mandate, petitioner challenges the trial court's refusal to apply this recent case law on a motion to reconsider an order compelling arbitration of his claims against a car manufacturer. We deny the petition because petitioner has an adequate remedy by way of appeal in the event an arbitration award, if any, is confirmed.

## II.   BACKGROUND AND DISCUSSION

Petitioner Santos Novoa (plaintiff) filed a complaint against real party and defendant American Honda Motor Co., Inc. (Honda) alleging fraudulent concealment and breach of express

and implied warranties under the Song-Beverly Act.[1]  Plaintiff alleged that Honda knowingly installed defective transmissions in all 2014–2019 Honda Pilot and 2011–2019 Honda Odyssey vehicles.

On March 4, 2022, the trial court granted Honda's motion to compel arbitration based on a "RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)" (the sales contract) between plaintiff and Wier Canyon Honda,[2] the dealership from which plaintiff purchased his 2016 Honda Pilot.

The sales contract contained an arbitration provision that stated, in part:

> "EITHER YOU OR[ ]WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.  [¶]  . . .  [¶]

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action."

---

[1]    Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq., Song-Beverly Act).

[2]    Wier Canyon Honda is not a party to this litigation.

3

Although Honda was not a party to the sales contract, the trial court held Honda could compel arbitration under the contract based on *Felisilda v. FCA US LLC* (2020) 53 Cal.App.5th 486, 495 (*Felisilda*).  Fifteen months after the trial court's order compelling arbitration in this case, plaintiff moved for reconsideration, citing new case law, namely, *Ford Motor Warranty Cases* (2023) 89 Cal.App.5th 1324 review granted July 19, 2023, S279969 (*Ford Motor*), which expressly rejected *Felisilda's* holding and supported a contrary result.

On September 21, 2023, the trial court denied plaintiff's motion for reconsideration on the grounds that:  (1) it lacked jurisdiction to interfere in the arbitration proceedings and order the case back to court and (2) even if it had the authority to reconsider its order compelling arbitration, it would not do so because *Ford Motor* merely disagreed with, but did not overrule, *Felisilda*.  The trial court reasoned that *Ford Motor* "presents merely a conflict in law, not a material change in law that makes reliance on [*Felisilda*] improper."

Plaintiff filed this petition on November 20, 2023, citing *Ford Motor* and other cases decided since *Ford Motor* that have reached the same conclusion.[3]  We issued an order to show cause. Following issuance of the order to show cause, Honda offered to stay arbitration proceedings pending issuance of the Supreme Court's opinion in *Ford Motor*.  Although plaintiff declined this offer, Honda has advised the court it has renewed its stay offer. Should the matter nonetheless result in an arbitration award, plaintiff may appeal the decision after any such award is

---

[3]      Plaintiff's request for judicial notice is granted.

4

confirmed.  (Code Civ. Proc., § 1294, subd. (d); *Atlas Plastering, Inc. v. Superior Court* (1977) 72 Cal.App.3d 63, 67.)  Accordingly, we deny the petition as plaintiff has an adequate remedy by way of appeal.

## III.   DISPOSITION

The petition for writ of mandate is denied.  In the interests of justice, plaintiff is awarded costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

5