In the Matter of the consolidated arbitration between MARINE TRADING LTD. and Lineas Maritimas de Guatemala, S. A., Petitioners,

and

**ORE INTERNATIONAL CORP.,**
Respondents,

and

**Harlow & Jones, Inc., Respondents.**

No. 77 Civ. 2133(MP).

United States District Court,
S. D. New York.

June 14, 1977.

Healy & Baillie, New York City, for petitioners Marine Trading and Lineas Maritimas by Jack A. Greenbaum, New York City, of counsel.

Freehill, Hogan & Mahar, New York City, for respondent Ore International Corp. by Robert L. Mahar, Robert J. Babiak, New York City, of counsel.

John Lawler, Yonkers, N. Y., for respondent Harlow & Jones, Inc.

POLLACK, District Judge.

A consolidation of arbitrations has been demanded by parties who have commercial interests arising out of dealings with the vessel, the M.S. LISA. Variously, they are the shipowner (Ore), the time charterer thereof (Marine), the Disponent owner subcharterer of the vessel (Lineas) and a voyage sub-charterer (Harlow & Jones).

The claims and counterclaims herein include complaints about the winches and ship's gear, the crew's handling of the gear, demurrage for delay and indemnity from the shipowner on the voyage charterer's claims against the disponent owner-subcharterer.

■ The application for a consolidation of the separate arbitrations demanded is made pursuant to 9 U.S.C. §§ 4 and 5. In pursuance of those statutes the Court has well recognized power to order consolidation of arbitration demands such as sought herein, even over objection of a party thereto. In *Compania Espanola de Petroleos S. A. v. Nereus Shipping, S. A.*, 527 F.2d 966 (2d Cir. 1975) (Medina, C. J.) the Court in directing consolidated proceedings in arbitration stated:

We think the liberal purposes of the Federal Arbitration Act clearly require that this act be interpreted so as to permit and even to encourage the consolidation of arbitration proceedings in proper cases . . . .. *Id.* at 975.

*Nereus* suggests that consolidation is appropriate where there are common questions of fact or law, provided consolidation is in the "interests of justice" and in ascertaining what those interests are the *Nereus* Court focused on (1) the possibility of conflicting findings, and (2) which parties had access to the relevant information. The Court further held that the District Judge has power to mold the method of selection and the number of arbitrators to fit the new situation.

The petitioners claim that they will be prejudiced in the absence of a consolidation in that the shipowner possesses all the information relevant to the deficient gear dispute and that separate proceedings would expose the charterer (respectively the disponent owner also) to the real risk of any inconsistent results, considering especially the shipowner's possession of the relevant information.

The shipowner claims that it will be prejudiced by consolidation because it will then be required to submit to two arbitration proceedings rather than just one. The shipowner points out that there is no arbitration agreement in the contract between Marine and Lineas nor does that agreement contain the description of the gear allegedly involved in the dispute. It claims furthermore that it would lose its right to set off its claims against Marine if it were forced to arbitrate directly against Harlow & Jones.

The only claim of prejudice made by Harlow & Jones besides its charge that no common questions of fact or law exist—is that the order requested would deprive Harlow & Jones of its rights to arbitrate its dispute with Marine and Lineas and to appoint its own arbitrator.

Close examination of the separate disputes to be separately heard in the requested consolidated proceedings indicates that they are virtually identical both as to specific charter clauses and underlying facts. There is no valid reason why the separate claims of the parties should not be consolidated for hearing and determination before the same tribunal. The alleged prejudice claimed is more apparent than real. The parties objecting to the consolidated proceedings will have their rights preserved to have their separate disputes with their opposite parties heard and decided under the contract applicable to them and each objecting party's right of selection of arbitrators for its claims is being preserved and honored.

Each arbitration agreement involved herein provides that each party to the contract may select one arbitrator and the two so selected shall name a third as the umpire. In the arbitration demanded between Marine/Lineas with Ore, the latter has named Mr. Triand as its selection for arbitrator. In the arbitration between Harlow & Jones and Marine/Lineas, Harlow & Jones has named as its selection for arbitrator, Mr. Poe. Marine/Lineas accepts Mr. Triand as the arbitrator whom it would have the right to name. Thus, the objecting parties are not being deprived of their right of selection. Each party to each arbitration agreement has selected his own designee. The umpire, third arbitrator, will be selected by Messrs. Triand and Poe as provided for in each arbitration agreement.

The argument of Ore that its agreement to arbitrate is with Marine, not Lineas, does not defeat the consolidation of the proceedings to settle the separate disputes and if this point is valid, it is a matter which the arbitrators can readily handle in their Awards.

The Court concludes that interests of efficiency, economy, avoidance of circuity and justice support a consolidated hearing of the two arbitrations before the same panel of arbitrators.

Accordingly, the motion for an order consolidating the hearings of the underlying separate disputes before Messrs. Triand and Poe and a third arbitrator to be named by them, as arbitrators, is granted and the parties are directed to proceed with the consolidated arbitrations accordingly.

SO ORDERED.