In the Matter of the Arbitration between
**CZARNIKOW–RIONDA CO., INC., as Voyage Charterer of the M.V. Paean,**

and

**Manumante S.A., as Time-Chartered Owner of the M.V. Paean,**

and between

**Reyes Compania Naviera S.A., as Owner of the M.V. Paean.**

**No. 80 Civ. 6446 (GLG).**

United States District Court,
S. D. New York.

May 4, 1981.

McHugh, Leonard & O'Conor, New York City, for Czarnikow-Rionda Co., Inc. by Daniel J. O'Callaghan, James M. Kenny, New York City, of counsel.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for Manumante S.A. by J. Edwin Carey, New York City, of counsel.

Healy & Baillie, New York City, for Reyes Compania Naviera S.A. by Raymond A. Connell, New York City, of counsel.

## OPINION

GOETTEL, District Judge:

Manumante S.A. ("Manumante"), time charterer of the M.V. Paean, petitions for an order directing consolidation of arbitration proceedings between Reyes Compania Naviera S.A. ("Reyes"), owners of the M.V. Paean, and Manumante, and between Manumante and Czarnikow-Rionda Co., Inc. ("Czarnikow"), voyage charterers of the vessel.

On February 29, 1980, Reyes entered into a time charter agreement with Manumante which provides for all disputes between the owners and charterers to be arbitrated before a panel of three persons, one to be appointed by each of the parties and a third by the two so chosen. On April 22, 1980, Manumante entered into a voyage charter with Czarnikow. That charter agreement also has an arbitration clause providing for arbitration before a panel of three persons, one to be appointed by each of the parties and a third by the two so chosen.

When Czarnikow made a claim against Manumante for an alleged short lifting of cargo, Manumante and Czarnikow each appointed arbitrators pursuant to the arbitration clause of their voyage charter agreement. Manumante then made a demand for arbitration under its charter agreement with Reyes for the claims asserted by Czarnikow. Manumante seeks to consolidate the arbitration since both disputes arise out of the same facts and circumstances.

Enforcement of an arbitration clause in federal court is controlled by the Federal Arbitration Act ("Act"), 9 U.S.C. §§ 1–14. Although the Act does not specifically provide for consolidated arbitrations, courts have frequently ordered consolidated arbitration proceedings when the "interests of justice" so require either because the issues in dispute are substantially the same and/or because a substantial right might be prejudiced if separate arbitration proceedings are

conducted. *See, e. g., Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.,* 527 F.2d 966 (1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976); *Marine Trading Ltd. v. Ore International Corp.,* 432 F.Supp. 683 (S.D.N.Y.1977); *Robinson v. Warner,* 370 F.Supp. 828 (D.C.R.I. 1974); *cf.* Fed.R.Civ.P. 81(a)(3) and 42(a) (consolidation of actions presenting common questions).

The major obstacle to consolidation here is the selection of the panel. Both agreements provide specifically for a panel of three arbitrators, one of which is to be selected by the arbitrators rather than by the parties in the dispute. The parties are not willing to waive their right to appoint an arbitrator nor are they willing to modify the arbitration agreements to permit the third arbitrator to be appointed by one of the parties rather than by the arbitrators. Consequently, a completely consolidated arbitration does not appear to be possible under the terms of the agreements.

The Second Circuit has held, however, that the District Judge can mold the method of selection and the number of arbitrators to implement the consolidated proceedings. *Compania Espanola de Petroleos, S.A. v. Nereus Shipping S.A., supra,* 527 F.2d at 975. *See also, Marine Trading Ltd. v. Ore International Corp., supra,* 432 F.Supp. at 684. *Nereus* involved a consolidation of arbitration panels which were to be chosen in a manner identical to the panels in the case at bar. The Court ordered the matter to be heard before a consolidated panel of five persons, three of which were to be chosen, one each by the three parties, who would then appoint the additional two. Since the panel in *Nereus* was convinced that its method "is the only method that will give each of the parties fair and equitable treatment," *Nereus, supra,* at 975, we shall adopt the method chosen in that case.* Accordingly, it is

---

* Another possible way by which the matter could be arbitrated would be to select the arbitrators in the following manner. Each party would select one arbitrator. These three arbitrators would then select a fourth arbitrator,

the "independent" arbitrator. There would be two panels hearing the matter simultaneously. The first panel would consist of the arbitrators chosen by Reyes and Manumante and the independent arbitrator. The second panel would

ordered that: (1) Each of the three parties shall appoint its arbitrator within twenty (20) days after the filing of our opinion in this case and, if any party shall fail to nominate its arbitrator within this time, this arbitrator shall be appointed by the District Judge. The three arbitrators thus chosen shall jointly appoint two additional arbitrators. (2) The appointment of the two additional arbitrators must be done by the unanimous action of the three arbitrators already appointed by the parties. And, if such unanimous selection of the two additional arbitrators is not made within ten (10) days after the three original arbitrators have been chosen, then the two new arbitrators shall be selected by the District Judge.

The clerk will enter judgment accordingly.

SO ORDERED.

consist of the arbitrators chosen by Czarnikow and Manumante and the independent arbitrator. This method requires only four arbitrators. Moreover, the parties' preference to have their dispute heard before separate panels of three arbitrators would be maintained without any risk of inconsistent results. (The second panel would not deliberate if the decision of the first panel mooted the issue.) If all three parties here prefer, this procedure may be used.