**WEYERHAEUSER COMPANY, Plaintiff,**

**v.**

**WESTERN SEAS SHIPPING CO., et al., Defendants.**

**No. C-83-3159-WWS.**

United States District Court, N.D. California.

Aug. 19, 1983.

---

John M. Anderson, Amy B. Slater, Landels, Ripley & Diamond, San Francisco, Cal., Richard H. Sommer, William Xanttopoulos, Kirlin, Campbell & Keating, New York City, for plaintiff.

David Thomas McCune, Lillick McHose & Charles, John A. Flynn, Graham & James, San Francisco, Cal., for defendants.

## OPINION

SCHWARZER, District Judge.

Respondent Trans-Pacific Shipping Co. (successor in interest to nominal respondents Eastern Seas and Western Seas) owns two ships that were time chartered by Petitioner Weyerhaeuser in 1974. Weyerhaeuser subsequently subchartered the ships to Respondent Karlander Australia Party Ltd. Disputes later arose concerning Karlander's actual or proposed use of the ships. Apparently, Weyerhaeuser refused Karlander permission to carry certain cargoes, claiming that Trans-Pacific's predecessors were forcing it to do so.

Under the standard arbitration clause in the subcharter, Karlander has demanded arbitration with Weyerhaeuser before a board of three commercial arbitrators over the losses it claims to have suffered as a result of Weyerhaeuser's allegedly unreasonable refusals of permission. In turn, Weyerhaeuser has demanded, under an identical clause in the headcharter, arbitration before three arbitrators with Trans-Pacific over Weyerhaeuser's right to indemnity from Trans-Pacific for any losses that Karlander may recover in its arbitration. Weyerhaeuser now petitions this Court to compel consolidation of the two arbitrations into a single arbitration before five arbitrators. Both Trans-Pacific and Karlander are unwilling to consent to such a proceeding, preferring instead to pursue their bilateral arbitrations with Weyerhaeuser individually.

Weyerhaeuser asserts that this Court has the power to compel consolidation under the United States Arbitration Act, 9 U.S.C. §§ 1–14, and Fed.R.Civ.P. 81(a)(3) and 42(a). Rule 81(a)(3) provides that "[i]n proceedings under Title 9, U.S.C., relating to arbitration ... [the federal] rules apply only to the extent that matters of procedure are not provided for in those statutes." Weyerhaeuser argues that since the Arbitration Act is silent on the subject of consolidation of arbitrations, Rule 42(a) governs the issue, and that since these arbitrations share substantial "common questions of law or fact," the Court should order them consolidated. Weyerhaeuser cites several cases in which federal courts have ordered consolidation of arbitrations.

Examination of these cases and the relevant statute shows Weyerhaeuser's argument not to be well founded. 9 U.S.C. § 4 provides in relevant part:

The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties *to proceed to arbitration in accordance with the terms of the agreement....* If the making of the agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.... If the [factfinder] find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the [factfinder] find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties *to proceed with the arbitration in accordance with the terms thereof.* (emphasis added)

The statute grants the Court the authority only to determine whether a written arbi-

tration agreement exists, and if it does, to enforce it "in accordance with its terms." This provision comports with the statute's underlying premise that arbitration is a creature of contract, and that "[a]n agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974). Weyerhaeuser's argument, that consolidation would not force respondents to arbitrate disputes they had not agreed to arbitrate since consolidation does not eradicate the identity of the individual matters consolidated, misses the point. The agreement to arbitrate only certain disputes or only in a certain manner represents a contractual allocation of risk that the Court may not disturb absent the kind of showing required for reformation of an ordinary contract. *See* 9 U.S.C. § 2. The standards for consolidation under Rule 42(a) are therefore irrelevant. The sole issue cognizable by this Court is whether Karlander and Trans-Pacific are parties to a written agreement providing for consolidated arbitration before five arbitrators. As will appear below, they are not.

The Second Circuit reached a different conclusion regarding the scope of the District Court's authority in *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.,* 527 F.2d 966 (2d Cir.1975). That case involved the owner and charterer of a ship, and the charterer's guarantor. The District Court ordered consolidation of the arbitrations between the owner and charterer on the one hand, and the owner and guarantor on the other. The Court of Appeals affirmed on the explicit ground that all three parties had signed an addendum to the original charter party, which contained an arbitration clause, to the effect that the guarantor would undertake all the charterer's duties under the charter party in the event of the charterer's default. Thus the owner had obligated itself to arbitrate jointly with charterer and guarantor in the event of a dispute. The Court of Appeals went on to

distinguish cases where arbitrations had not been consolidated on the ground that the parties in those cases had not similarly bound themselves. *Id.* at 973–74.

It must be noted that the court also relied on the District Court's asserted power to consolidate under Rules 81(a)(3) and 42(a) even without contractual agreement among the parties, citing *Robinson v. Warner,* 370 F.Supp. 828 (D.R.I.1974); *Lavino Shipping Co. v. Santa Cecilia Co.,* 1972 A.M.C. 2454 (S.D.N.Y.1972); *In re Arbitration between Chilean Nitrate & Iodine Sales etc. and Intermarine Corp.,* 1972 A.M.C. 2460 (S.D.N.Y.1971). These cases ignore the limitation on the authority granted the District Court under the federal Arbitration Act. See p. 1221, *supra.* Indeed, they rely on cases applying *state* law, *see, e.g., Robinson, supra,* 370 F.Supp. at 829–30, or assert that consolidation is a purely discretionary matter, *see In re Arbitration between Czarnikow-Rionda Co. and Eddie Steamship Co.,* 1975 A.M.C. 1116, 1119 (S.D.N.Y.1975); *Insco Lines, Ltd. v. Cypromar Nav. Co.,* 1975 A.M.C. 2233, 2235 (S.D.N.Y.1975); *Lavino Shipping, supra,* 1972 A.M.C. at 2456. The several cases since *Compania Espanola,* all from the Southern District of New York, have adopted its broader dictum without comment. *See In re Arbitration between Voest-Alpine Int'l, Inc. and Supreme Maritime Ltd.,* 1982 A.M.C. 921 (S.D.N.Y.1982); *In re Application of General Nav., Inc. v. Sameit Dea Brovig,* 1981 A.M.C. 1781 (S.D.N.Y.1981); *In re Consolidated Arbitration between Marine Trading, Ltd. and Ore Int'l Corp.,* 432 F.Supp. 683 (S.D.N.Y.1977).

■ Insofar as those decisions find authority in Rules 81(a)(3) and 42(a) to order consolidated arbitration in the absence of consent by the parties, the Court is in disagreement with them for the reason stated. *Compania Espanola* itself is distinguishable inasmuch as there the agreement could be (and was) interpreted as implying consent to joint arbitration. Trans-Pacific's predecessors have never consented to joint arbitration or arbitration before five arbitrators. Moreover, they specifically secured an addendum agreement with Weyerhaeuser

insulating them from any increase in their obligations by reason of any subcharter Weyerhaeuser might execute. Thus to order joint arbitration among the three parties would directly contravene their clearly expressed understanding. In view of the grant of authority under § 4 limiting this Court to enforcing arbitration agreements according to their terms, the petition to compel consolidated arbitration must be denied.

IT IS SO ORDERED.