**SOCIEDAD ANONIMA DE NAVEGACION PETROLERA, Petitioner,**

v.

**CIA. DE PETROLEOS DE CHILE S.A. and Lilian Shipping Corp., Respondents.**

No. 85 Civ. 7776 (GLG).

United States District Court, S.D. New York.

May 7, 1986.

Kirlin, Campbell & Keating, New York City, for petitioner; Richard H. Sommer, Keith W. Heard, of counsel.

Healy & Baillie, New York City, for respondent CIA. De Petroleos De Chile S.A.; Gordon W. Paulsen, Andrew M. Kramer, of counsel.

## OPINION

GOETTEL, District Judge.

Sociedad Anonima De Navegacion Petrolera ("SONAP"), the time charterer of the vessel LUCERNA, petitions for an order directing consolidation of two arbitration proceedings, one between itself and Lilian Shipping Corporation ("Lilian"), the owner of the LUCERNA, and the other between itself and Compania De Petroleos De Chile S.A. ("COPEC"), the subcharterer of the vessel.

COPEC opposes SONAP's motion on the grounds that (1) this Court lacks authority to compel consolidation of the arbitrations, and (2) consolidation is not warranted in this case in any event.

## FACTUAL BACKGROUND [1]

On June 1, 1985, SONAP entered into a time charter agreement with Lilian for use of the LUCERNA for a renewable period of twelve months. The vessel was to be placed at SONAP's disposal "no later than June 30, 1985, in default of which Charterer shall have the option to cancel this Charter...." Heard Affidavit of February 25, 1986, Exhibit A, cl. 5(b). The agreement also provided that "[a]ny and all differences and disputes of whatever nature arising out of this Charter shall be put to arbitration...." *Id.* at Exhibit A, cl. 28. Shortly after chartering the LUCERNA, SONAP subchartered the vessel to COPEC. The subcharter agreement contained the same cancellation and arbitration provisions as those quoted above. SONAP, as the "Chartered Owner," was to deliver the vessel at Curacao no later than June 30, 1985; COPEC had the option of canceling the subcharter if the vessel was not timely delivered. The vessel was not delivered by June 30, 1985. On July 10, COPEC canceled its subcharter with SONAP. Thereafter, SONAP canceled its charter party with Lilian.

Lilian demanded arbitration with SONAP regarding the cancellation. SONAP, in turn, demanded arbitration with COPEC. COPEC is willing to arbitrate with SONAP alone, but opposes SONAP's request for consolidation of the arbitrations into one proceeding. Lilian does not oppose consolidation.

## DISCUSSION

SONAP contends that the arbitrations should be consolidated because they in-

---

1. For purposes of this motion, we accept the facts as stated in the petitioner's moving papers.

volve common issues of law and fact, and because SONAP would be prejudiced by having to arbitrate separately with COPEC and Lilian. COPEC argues that consolidated arbitration cannot be compelled when the parties have not expressly consented thereto.

### A. *Authority to Compel Consolidation of Arbitrations*

As a threshold issue, we must consider whether this Court has authority to compel consolidation of arbitrations. In *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir.1975), *cert. denied*, 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976) (hereafter *"Nereus"*), the Court of Appeals for the Second Circuit held that consolidation can be compelled absent the parties' express consent. The Second Circuit noted that,

> there is more than ample support in the case law for the propriety of a court's consolidation of arbitrations under the federal statute. *See, e.g., Robinson v. Warner*, 370 F.Supp. 828 (D.R.I.1974); *Lavino Shipping Co. v. Santa Cecilia Co.*, 1972 A.M.C. 2454 (S.D.N.Y.1972); *Matter of Arbitration Between Chilean Nitrate & Iodine Sales and Intermarine Corp.*, 1972 A.M.C. 2460 (S.D.N.Y. 1971). We agree that Fed.R.Civ.P., Rules 42(a) and 81(a)(3), are applicable. Moreover, we think the liberal purposes of the Federal Arbitration Act clearly require that this act be interpreted so as to permit and even to encourage the consolidation of arbitration proceedings in proper cases, such as the one before us.

*Id.* at 974–75 (footnote omitted).

Numerous decisions since *Nereus* have agreed that district courts have the power to consolidate arbitration proceedings. In *Matter of Czarnikow-Rionda Co.*, 512 F.Supp. 1308 (S.D.N.Y.1981), this Court ordered consolidation of two arbitration proceedings arising out of a dispute among a vessel's owner, a time charterer, and a voyage charterer. As noted in that case,

> Enforcement of an arbitration clause in federal court is controlled by the Federal Arbitration Act ("Act"), 9 U.S.C. §§ 1–14. Although the Act does not specifically provide for consolidated arbitrations, courts have frequently ordered consolidation proceedings when the "interests of justice" so require either because the issues in dispute are substantially the same and/or because a substantial right might be prejudiced if separate arbitration proceedings are conducted.

*Id.* at 1309.[2] *Accord Conoco Shipping Co. v. Norse Shipping Co. (PTE)*, 1983 A.M.C. 1146 (S.D.N.Y.1983) (ordering a shipowner and three charterers to participate in consolidated arbitration of a maritime dispute).

COPEC points out that *Nereus* and its progeny have recently been criticized by several courts. In *Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635 (9th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984) (hereafter *"Weyerhaeuser"*), the Ninth Circuit upheld a district court's refusal to compel consolidation of arbitrations among a shipowner, charterer, and subcharterer. It declined to follow the Second Circuit's liberal interpretation of the Arbitration Act. Rather, it concluded that a court could "only determine whether a written arbitration exists, and if it does, enforce it 'in accordance with its terms.'" *Id.* at 637 (quoting 9 U.S.C. § 4). According to the Ninth Circuit's in-

---

**2.** Shortly after our decision in *Czarnikow-Rionda,* we had occasion to consider another petition for consolidation of arbitrations, which we denied. *Matter of Arbitration Between Egyptian Co. for Maritime Transport & Hamlet Shipping Co.,* 1982 A.M.C. 874 (S.D.N.Y.1981). There, however, many more parties and separate agreements were at issue, so that any consolidated arbitration would have required a panel of perhaps eleven arbitrators. We found, under the circumstances of that case, that the petitioners should have foreseen the potential problem of a dispute arising that would affect a variety of parties to many agreements, and should have negotiated an arbitration clause to encompass consolidated proceedings. Their failure to do so could not be rectified by the Court.

terpretation of the Arbitration Act, a court can only order consolidated arbitration if the parties' agreement provides for such a procedure. In *Weyerhaeuser*, the parties "did not consent to joint arbitration.... [T]here [were] separate agreements between the headcharter and subcharter parties. Each agreement contain[ed] its own arbitration clause and each clause require[d] only arbitration between the parties to the agreement." [3] *Id.*

The Lilian/SONAP and SONAP/COPEC agreements did not specifically require *"only* arbitration between the parties" to each agreement. The relevant provision, clause 28, called for arbitration of "[a]ny and all differences and disputes ... arising out of this Charter...." Were we to follow *Weyerhaeuser*, we could compel neither consolidation nor separate arbitrations, since the express terms of the parties' agreements provide neither for consent to nor prohibition of consolidation of related arbitrations. However, *Weyerhaeuser* is not controlling precedent for our decision, since it emanates from another circuit. We must look to the decisions of the Second Circuit and the Supreme Court for authority in the case before us. COPEC suggests that the Supreme Court's recent decision in *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) (hereafter *"Byrd"*), provides controlling precedent for our interpretation of the Arbitration Act.

In *Byrd*, an investor brought suit in federal court against a broker, alleging violations of federal securities laws and pendent state law claims. Byrd had signed a "Customer Agreement," in which he had agreed to arbitrate any controversy between himself and the broker arising out of their agreement. The broker moved to have the federal court compel arbitration of the pendent state claims. It did not seek to compel arbitration of the federal claims since, pursuant to *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), it as-

sumed that the arbitration agreement was unenforceable as to the federal securities claims. The district court refused to compel arbitration of the state claims; the circuit court affirmed that decision. The Supreme Court, however, reversed and required the parties to arbitrate the state claims, even though the result would be a bifurcation of the proceedings. *Byrd, supra*, 105 S.Ct. at 1241.

The Supreme Court premised its decision on the history of the Federal Arbitration Act, noting that "the purpose behind its passage was to ensure judicial enforcement of privately made agreements to arbitrate." *Id.* at 1242. It found this goal predominated over any potential benefit of expeditious dispute resolution, stating,

> The preeminent concern of Congress in passing the Act was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is "piecemeal" litigation.... By compelling arbitration of state-law claims, a district court successfully protects the contractual rights of the parties and their rights under the Arbitration Act.

*Id.* at 1242–43. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983).

Although instructive on the issue of compelling arbitration of state claims while proceeding with federal litigation, *Byrd* presents no holding on the issue of compelling consolidation of two related arbitration proceedings. Nevertheless, a recent case from this district relied on *Byrd* in denying a petition to compel consolidated arbitration. In *Ore & Chemical Corp. v. Stinnes Interoil, Inc.*, 606 F.Supp. 1510 (S.D.N.Y. 1985) (hereafter *"Ore & Chemical"*), Judge Edelstein followed the reasoning of the Ninth Circuit in *Weyerhaeuser*, rather than the Second Circuit in *Nereus*, which

---

**3.** We note that neither the circuit court nor the district court opinion in *Weyerhaeuser* (reported at 568 F.Supp. 1220) quotes the actual arbitration clause with which it dealt. We must, there-

fore, accept the statement in those opinions that "each clause require[d] *only* arbitration between the parties to the agreement." 743 F.2d at 637 (emphasis added).

he found to be contrary to the Supreme Court's pronouncements in *Byrd* on the scope of the Federal Arbitration Act.

Judge Edelstein interpreted *Byrd* to require enforcement of private arbitration agreements, as written, despite any resulting inefficiency in resolving disputes. *Ore & Chemical, supra,* 606 F.Supp. at 1513. Accordingly, he found that consolidated arbitrations could not be compelled absent a provision for consolidation in the parties' agreements. *Id.* at 1514. Judge Edelstein opined that the Second Circuit would overrule *Nereus* if it reconsidered that case in light of *Byrd. Id.* at 1512–13. We respectfully disagree with this speculation.

■ Unlike Judge Edelstein, we believe that *Nereus* is still good law. The *Byrd* Court never considered whether a district court can compel consolidation. Rather, it stressed the Congressional intent in passing the Arbitration Act to overcome some courts' reluctance to enforce agreements to arbitrate, *Byrd, supra,* 105 S.Ct. at 1242 & n. 6, a problem not present in the instant case. Even if not the primary purpose of the Act, the efficient and speedy resolution of disputes was clearly among the desired effects of that legislation. *Id.* at 1242. In the absence of an express provision prohibiting consolidation, we find nothing in *Byrd* that overrules *Nereus*'s holding permitting courts to order consolidated arbitration in appropriate circumstances.

### B. *Consolidation of the Instant Arbitrations*

■ Having decided that this Court has the power to compel consolidation, we must consider whether consolidation is warranted here. Consolidation is proper where there are common questions of law or fact and a possibility of conflicting awards or inconsistent results. *Nereus, supra,* 527 F.2d at 974. A further consideration is whether one party has greater access to relevant information. *Marine Trading Ltd. v. Ore International Corp.,* 432 F.Supp. 683, 684 (S.D.N.Y.1977). To resist a motion for consolidation of arbitrations, a party must show prejudice that "is sufficiently substantial to outweigh the advantages of resolving th[e] dispute in a consolidated proceeding." *Insco Lines, Ltd. v. Cypromar Navigation Co.,* 1975 A.M.C. 2233, 2235 (S.D.N.Y.1975). The mere desire to have one's disputes heard separately is not sufficient. *Vigo S.S. Corp. v. Mership Corp. of Monrovia,* 26 N.Y.2d 157, 257 N.E.2d 624, 309 N.Y.S.2d 165, *cert. denied sub nom. Frederick Snare Corp. v. Vigo Steamship Corp.,* 400 U.S. 819, 91 S.Ct. 36, 27 L.Ed.2d 46 (1970).

■ In the instant case, there are common questions of law and fact in the two arbitrations, and a danger of conflicting findings, particularly on the issue of whether COPEC was justified in canceling the charter. Furthermore, although the same facts are involved in both arbitrations, COPEC, as the party rejecting the vessel, is in control of, and has better access to, the relevant information.

■ COPEC has failed to convince us that prejudice would result if the arbitrations were consolidated. The jist of COPEC's claim of prejudice, as presented at oral argument and in its opposing papers, is that it can save the expense of arbitration if SONAP wins its arbitration with Lilian. COPEC's desire to save some money falls far short of prejudice. COPEC agreed to bear the expense of arbitration when it entered into the charter party with SONAP, and it is not for this Court to release it from that burden.

### CONCLUSION

For the reasons stated above, the petition to compel consolidated arbitration is granted. The parties are directed to select an arbitration panel. Should they fail to agree upon the constitution of the panel within twenty (20) days of this opinion, we will consider appointing the panel pursuant to 9 U.S.C. § 5.[4]

SO ORDERED.

---

**4.** Each party has already selected one arbitrator.

Lilian and SONAP have expressed their willing-

ness to go forward with consolidated arbitration before this three-member panel. If COPEC objects, SONAP has offered to withdraw its selection and allow the arbitrators chosen by Lilian and COPEC to select the third member of the panel. Alternatively, the parties may agree to allow the three arbitrators already selected to choose two additional arbitrators and proceed to consolidated arbitration before a five-member panel. *See Nereus, supra,* 527 F.2d at 975–76. If the parties cannot agree upon one of these procedures, we will select one for them.