In the MATTER OF the ARBITRATIONS BETWEEN BENSHIP INTERNATIONAL, INC., Petitioner,

and

PHOSPHATE CHEMICALS EXPORT ASSOCIATION, INC., Respondent.

No. 91 Civ. 2309 (PKL).

United States District Court, S.D. New York.

Aug. 21, 1991.

88

Jack A. Greenbaum, Healy & Baillie, New York City.

Alan Van Praag, Snow, Becker & Krauss, P.C., New York City.

## MEMORANDUM ORDER

LEISURE, District Judge:

Petitioner Benship International, Inc. ("Benship") petitions for an order directing the consolidation of two arbitration proceedings (the "Arbitrations") between it and respondent Phosphate Chemicals Export Association, Inc. ("Phosphate"). In response, Phosphate has filed a cross-motion also seeking to consolidate the Arbitrations, but naming it, Benship, and the Bangladesh Agricultural Development Corporation ("BADC") as the participants.

### Background

This action arises out of two very similar charter contracts between Benship and Phosphate, pursuant to which Benship claims a total balance of demurrage of approximately $174,000. The charter contracts contain identical arbitration clauses, under which each party to the contract selects an arbitrator, with a third arbitrator chosen by the two party-appointed arbitrators. This procedure was followed with respect to the demurrage claims, however, Phosphate would not consent to Benship's request for a consolidation of the Arbitrations, unless the consolidated proceeding

1. The vessels were carrying fertilizer.

included resolution of Phosphate's disputes with BADC.

Phosphate claims that it entered into several bills of lading with BADC, naming BADC as the receiver of the cargo aboard the subject vessels,[1] and that those bills of lading incorporate by reference the arbitration clauses in the charter parties. Phosphate has notified BADC of its intent to arbitrate, and has argued that Benship's demurrage claims are identical to the claims that Phosphate will allege against BADC. Accordingly, Phosphate argues that all of these disputes—those between Benship and Phosphate, and those between Phosphate and BADC—should be resolved in a single consolidated arbitration proceeding.

### Discussion

A district court has the power to consolidate arbitrations in appropriate cases. See *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.,* 527 F.2d 966 (2d Cir.1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976); *Elmarina, Inc. v. Comexas, N.V.,* 679 F.Supp. 388 (S.D.N.Y.1988); *Cable Belt Conveyors, Inc. v. Alumina Partners of Jamaica,* 669 F.Supp. 577 (S.D.N.Y.), *aff'd,* 857 F.2d 1461 (2d Cir.), *cert. denied,* 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987); *Sociedad Anonima de Navegacion Petrolera v. Compania de Petroleos de Chile S.A.,* 634 F.Supp. 805 (S.D.N.Y.1986); *In re Czarnikow–Rionda Company, Inc.,* 512 F.Supp. 1308 (S.D.N.Y.1981). As the Second Circuit has noted:

> [T]here is more than ample support in the case law for the propriety of a court's consolidation of arbitrations under the federal statute. We agree that Fed.R.Civ.P., Rules 42(a) and 81(a)(3), are applicable. Moreover, we think the liberal purposes of the Federal Arbitration Act clearly require that this act be interpreted so as to permit and even to encourage the consolidation of arbitration proceedings in proper cases. . . .

*Nereus, supra,* 527 F.2d at 975 (citations and footnote omitted).[2]

In deciding whether to order the consolidation of arbitrations, courts in this Circuit have considered several factors, most important of which are the existence of common questions of law and fact, the possibility of conflicting awards or inconsistent results, and the avoidance of unnecessary prejudice, delay and cost. *See Elmarina, supra,* 679 F.Supp. at 391 (collecting cases).

In the case at bar, Phosphate does not dispute that the facts of this case, including the existence of virtually identical charter contracts between identical parties, counsel in favor of consolidation. Indeed, Phosphate has itself cross-moved to consolidate. Rather, Phosphate merely argues that it would be still more desirable to consolidate the Arbitrations together with its forthcoming arbitration with BADC. Because the Court believes that consolidation of the Arbitrations is permitted under the relevant case law, and would result in a more efficient disposition of those proceedings, the sole question thus becomes whether to consolidate the arbitration between Phosphate and BADC as well.

Although Benship's concerns regarding the potential for delay that exists if it must await BADC's participation may or may not be well-founded, there is a more basic principle that requires denial of Phosphate's cross-motion: BADC is not a party to the action now before the Court. In affirming Judge Stewart's order consolidating arbitration, the Second Circuit in *Nereus* stated that:

> As Judge Stewart had *all the interested parties before him* in an equitable pro-

ceeding and as there was *ample opportunity afforded to all parties to express their views and present any testimonial or documentary evidence* they thought would support these views, we think it was clearly proper for Judge Stewart to take the matter of consolidation of the two arbitration proceedings under consideration and to make the order of consolidation

. . . .

*Nereus, supra,* 527 F.2d at 974 (emphasis added). Here, Phosphate is asking the Court to, in effect, compel BADC to arbitrate in a consolidated proceeding with Phosphate and Benship, without BADC ever having been provided with an opportunity to be heard on the question. Moreover, to the extent the Court's power to consolidate arbitration depends on Fed. R.Civ.P. 42(a), *see Nereus, supra,* 527 F.2d at 975, that rule is limited to actions actually pending before the Court. *See* Fed. R.Civ.P. 42(a). Compelling a stranger to this action—BADC—to participate in a consolidated arbitration proceeding would, therefore, be procedurally improper.[3]

### Conclusion

For the aforementioned reasons, Benship's petition to compel consolidation of the Arbitrations is granted, and Phosphate's cross-motion is denied.[4]

SO ORDERED.

---

**2.** Rule 42(a) provides as follows:

> When *actions involving a common question of law or fact* are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 81(a)(3) reads in relevant part:

> In proceedings under Title 9, U.S.C., relating to arbitration ..., these rules apply only to

the extent that matters of procedure are not provided for in th[at] statute[ ].

**3.** The Court notes that Phosphate could have brought a petition to compel the tripartite consolidated arbitration it seeks by its instant cross-motion. Of course, this would have required serving BADC with the petition, and giving it an opportunity to present its arguments in favor of, or opposition to, such consolidation.

**4.** Benship's cursory request that Phosphate be sanctioned, contained in Benship's memoran-

**90**

dum of law, but not its notice of motion, is denied. Even if properly made, the motion would be denied, as Phosphate's conduct with respect to the instant petition and motion practice has not reached the level of warranting sanctions.