In the Matter of the Arbitrations
between

RIO ENERGY INTERNATIONAL,
INC., Petitioner,

v.

HILTON OIL TRANSPORT, Respondent.

and between

RIO ENERGY INTERNATIONAL,
INC., Petitioner,

v.

COMISION ADMINISTRADORA
del PETROLEO Respondent.

No. 91–CIV–2460 (LJF).

United States District Court,
S.D. New York.

Oct. 3, 1991.

---

Hill Rivkins Loesberg O'Brien Mulroy & Hayden by Keith Dalen, New York City, for Rio Energy Intern. Inc.

Nourse & Bowles by John Conway, New York City, for Hilton Oil Transport.

White & Case by Peter Greenberg, New York City, for Comision Administradora Del Petroleo.

## OPINION AND ORDER

FREEH, District Judge:

Rio Energy International, Incorporated ("Rio Energy"), has filed a motion with this Court to consolidate certain arbitrations. Hilton Oil Transport ("Hilton Oil"), opposes the motion. For the reasons stated herein, the motion is granted.

## FACTS

On August 30, 1990 Hilton Oil and Rio Energy executed a charter party agreement for the transportation of bulk asphalt from Curacao, Netherland Antilles to Puerto Cortez, Honduras.

Also on August 30, 1990 Rio Energy executed a sub-charter party agreement with Comision Administradora del Petroleo ("CAP") for the same cargo of asphalt. Both agreements incorporated standard arbitration clauses.

Shortly after the charter party agreements were signed, the loading port was changed from Curacao to Amuay Bay, Venezuela. Shortly after that, the barge incurred mechanical problems which delayed the heating of the asphalt. Further delays ensued when CAP requested a discharge temperature in excess of the discharge temperature contained in the Hilton Oil–Rio Energy charter party. The discharge port was then changed to another port in Honduras. After discharge the Barge incurred problems in sailing and she eventually grounded and sank.

On November 19, 1990 Hilton Oil commenced arbitration proceedings against Rio Energy. On November 27, 1990, Rio Energy commenced arbitration proceedings against CAP. Neither arbitration has begun.

Rio Energy with the approval of CAP now seeks to Consolidate the arbitrations between Rio Energy and Hilton Oil and Rio Energy and CAP. Rio Energy contends that the Court has the power to consolidate the pending arbitrations and that because there are common questions of law and fact between the two arbitrations the Court should grant the motion.

Hilton Oil opposes the motion to consolidate the arbitrations. It contends that the facts in its arbitration proceeding with Rio Energy are different from the facts in Rio Energy's arbitration with CAP. Hilton Oil further argues it will be prejudiced by delay if the arbitrations are consolidated. Finally, Hilton Oil argues that this Court lacks the power to consolidate the arbitrations when in this case Hilton Oil's agreement with Rio Energy did not consider consolidation.

## DISCUSSION

In *Compania Espanola de Petroles, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966, 974 (2d Cir.1975), the Second Circuit held that a district court has the power to consolidate arbitrations in the appropriate circumstances. The Court based its decision on the Federal Arbitration Act and Fed.R.Civ.P., Rules 42(a) and 81(a)(3). The exercise of that power, however, is discretionary. *Sociedad Anonima de Navegacion Petrolera v. Cia. de Petroles de Chile S.A.*, 634 F.Supp. 805 (S.D.N.Y.1986).

Hilton Oil points out that *Nereus* and its progeny have been criticized by several courts. See, *Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635 (9th Cir.) cert. denied, 469 U.S. 1061, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984); *Ore & Chemical Corp. v. Stinnes Interoil, Inc.*, 606 F.Supp. 1510 (S.D.N.Y.1985). Those cases held that the court lacked the power to compel consolidation since the express terms of the parties' agreements did not provide for consolidation of related arbitrations. However, *Weyerhaeuser* is not controlling precedent and contrary to the reasoning in *Ore & Chemical, Nereus* remains good law in this circuit. Moreover, nothing in *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), overrules *Nereus*.

Having concluded that this Court has the power to Compel consolidation, the question is whether consolidation is permitted here. Consolidation is proper where there are common questions of law or fact and a possibility of conflicting awards or inconsistent results. *Sociedad Anonimia v. Cia. de Petroleos de Chile S.A.*, 634 F.Supp. 805, 809 (S.D.N.Y.1986). To defeat a motion for consolidation of arbitrations, a party must show prejudice that is sufficiently substantial to outweigh the advantages of deciding the dispute in a consolidated proceeding. *Sociedad Anonimia*, 634 F.Supp. at 809; *See Insco Lines, Ltd. v. Cypromar Navigation Co.*, A.M.C. 2233, 2235 (S.D.N.Y.1975).

In this case, there are common questions of law and fact in the two arbitrations as well as a danger of conflicting findings, particularly regarding the agreed temperature of the cargo upon discharge. Additionally, access to information regarding the factual disputes about the cargo delivery temperature will be promoted by consolidated arbitration. *Sociedad Anonima v. Cia. de Petroleos de Chile S.A.*, 634 F.Supp. 805, 809 (S.D.N.Y.1986). Moreover, Hilton Oil has failed to demonstrate that prejudice would result if the arbitrations were consolidated. The Crux of Hilton Oil's claim of prejudice, as argued in its papers and at oral argument, is that unfair delay will result if the arbitrations are consolidated. Hilton Oil, *inter alia*, has specifically complained that such delay has been precipitated by CAP's general nonresponsiveness and initial appointment of a Spanish-speaking arbitrator, as well as anticipated resistance by Rio Energy to nominate acceptable arbitrators in a prompt manner. At oral argument however, CAP informed the Court that they would consent to appointing an English-speaking arbitrator. Counsel for CAP also assured the court that its client would henceforth cooperate in any arbitration proceedings. Additionally, Rio Energy agreed to permit the court to name the arbitration panel if the parties failed to resolve that matter.

## CONCLUSION

For the reasons stated above, the petition to compel consolidated arbitration is granted. The parties are directed to select a panel. Should they fail to agree upon the constitution of the panel within ten (10) days from the date of this opinion the Court will entertain an appropriate motion pursuant to 9 U.S.C. § 5.

SO ORDERED.